And so now we can proceed with our next appeal. It's Roberto Cavalieri v. Avior Airlines. John Crabtree is here for the appellant. Cavalieri and Jeffrey Marks is here for Avior. And Mr. Crabtree, you may begin with your argument. Thank you, your honor. May it please the court. I represent the appellants. There really seem to be three different discreet things going on before the court today, and I want to try to address those. The first is the court raised an issue about whether or not this panel is bound by the prior precedent rule and the FOIA decision. And candidly, after looking at the issue pretty closely, we reached the conclusion that the court is not bound, that it may revisit FOIA, and that, in fact, we believe it should revisit FOIA. We do believe the legislative shift in 1332A undermined the reasoning enough to allow that. And although I can get into it, if you like, I won't bury the lead and say we also believe that the correct outcome is the one from Taggart. We believe that as a matter both of text and of the legislative history, that, in fact, the better rule for this circuit should be that a legal nonresident is not considered a citizen for diversity purposes. I think we're, and I appreciate that, and I think that's probably the right reading also, and I'm speaking only for myself. I think we're a little past that where, so now we have your complaint. We have the allegation that's been made. And I know the question for me is the one that's raised in the motion to dismiss is, is that allegation sufficient? And while you address that footnote 24 in the Lowry decision. Your Honor, I apologize, but you have to remind me which one, I've read so much, which one's 24? Lowry is the case and the footnote is the one that indicates that a pleading that a named or unnamed individual in a complaint can be sufficient to allege diversity jurisdiction in a CAFA case. Right. And Lowry is not the only case saying that this court has said it more recently as well. In fact, if you search for named and unnamed in CAFA, you'll find numerous cases around the country. That seems to be pretty subtle law at this point. So we have affirmatively alleged that unnamed class members are at least one in probably many U.S. citizens. We dropped a footnote pointing out the dual citizens count as well, because we could see scenarios where you might have people who had citizenships in both countries. And because the defendant in this case is a foreign corporation, a foreign citizen, all you need to allege is citizenship of the United States. It doesn't even matter which state that person is a citizen of, right? That is correct, Your Honor. That's right. And so for that reason, given the allegation we now have, we satisfy the minimal diversity standard of CAFA. We'd also point out, you know, we filed a response to the motion to dismiss. We cited a case called Airmen. It's a Ninth Circuit case that does a nice job of analyzing what's required in allegations for minimal diversity and the lack of a need for actual evidence. And we also did mathematical calculations showing the statistical improbability or implausibility of the idea that there is not a single U.S. citizen. In other words, because we're at the motion to dismiss stage, an allegation on information and belief is sufficient. It is, Your Honor. But you agree that at some point, you're going to have to prove it up. In other words, you'll have to, in discovery, at some point, show that at least one class member is a citizen of the United States. If they dispute that fact, yes, Your Honor, then we would have to do it. We can do it through discovery. You know, there are, again, they're going to be, we would assume, tens of thousands of class members. But yes, if they chose to dispute that, then we would. Absolutely. So on the substance, if I may pivot, this case is at one level fairly simple. It's a breach of then they charged more. It's kind of like if you come to my house to buy my table and I say it's $100, you give me the $100, you start to walk off. And I say, not so fast. I need another 10 before you can leave my house. You can't. It's actually a little different. Let's say you want to buy a car, right? And we enter into a contract. I go to the dealership. I agreed for $20,000. And now the dealer says, no, no, you can't have the keys unless you give me another five. That's even better because the keys would be at the last thing. Yes, Your Honor. But here you're not, you're not suggesting, I think in one of the, in the Ninth Circuit case, what she wanted was a return of the, of the taxes because she was a citizen of the country. But here what we're dealing with is a situation where you just want the bargain for a price that you agreed on for, for flying. You're not alleging that you are trying to change the contract or that, you know, they're trying to charge you baggage fees. Obviously they're entitled to charge for services for the day of flight, for food, for beverages, for anything like baggage. You're just saying the $775 or whatever it was, that's what I agreed to. That was supposed to include taxes and fees. And, and now they wanted an extra $80 for me to get on the plane. It's as simple as that, Your Honor. That's why we're different than Sanchez. In Sanchez, they were pleading a special duty to disclose. We're simply saying we agreed to a price and then you charge us more after we. So let me ask you a question here. The, the, the court only ruled on preemption. They did not address the 12B6 motion. That's true. Let's assume, and I'm speaking for myself only, that we agreed it wasn't preempted. Do we still have to have an analysis on the 12B6? Well, I think the court obviously has discretion not to do that next analysis, but I do think that in this case, the issues are so entwined and certainly the defendant's theory of the case is so enmeshed with that, that probably in the interest of judicial efficiency, if nothing else, it would be better for the court to do it all, but the court doesn't need to. The court could simply reverse on the lack of preemption, but the. I will say the wrinkle in this case, and I've agreed with a lot of what you've said so far, Mr. Crabtree, but the wrinkle to me in this case is this. It's rare that you see in a normal contract case, what you have is a contract and then there's a dispute as a matter of law on what that contract means. We had one of those just yesterday that you understand. That's the typical case that we've all heard a bunch of times, but this is a little odd at the 12B6 stage to not even agree on what the nature of the contract is, and I guess my question to you, that's my wind up, but my question is this. In a 12B6 case, in a motion to dismiss, what allegations do we take to be true regarding the nature of the contract? Because you tell us in the pleadings, you, your client, in the pleadings tell us the agreements and the ticket. And then opposing counsel says, no, no, no, no, no. There's a lot more and we're attaching this a lot more because that seems to be really the nub of what's going on here on the non-preemption side of things. It definitely is the nub, your honor. So let me address. Fortunately for us, we have a regulation that goes directly to the issue of contract formation when passengers buy airline tickets. Well, let me stop you right there for one second. Do we get there at 12B6? In other words, those seem to be legal issues and honestly, they seem to be factual issues about the nature of the incorporation and lots of other things that seem to be outside of what an allegation of a contract is. In other words, let's take a different case. And the case is, I have a contract. My contract is I'll use your car. The judge will go as car example. I agree to buy the car for $20,000. End of story. And opposing counsel in the motion to dismiss says, well, wait a minute. He didn't attach the five documents that were signed on the day of the purchase that we signed and those make up the contract. We wouldn't decide what the contract actually is at the motion to dismiss stage, would we? Not in that case, because there's a difference. And the difference, Judge Locke, is that unlike just about anywhere else, we have a very clear scheme for determining what is the contract as a matter of law. So normally you would think of generic common law concepts of contract formation, right? And you might get into a factual hullabaloo about what is or was not the contract. But in this instance, very unusually because we now have this expressed preemption on that steps in and says, you cannot have anything in the contract if you don't comply with these requisites for incorporation. And so for that reason, this is a little bit different. We actually have regulations that spell it straight out and say, this is what the contract is as a matter of law. So since it's 12B6, legal issues count. No one disputes what the ticket was. No one disputes what the conditions of carriage was. The issue is whether or not these other things also should be deemed part of the contract. And we have- I don't think there's any factual issues that go into that. Even as dictated by the regulations, there's no fact of what was on the website. Because a lot of that seems to have applied here. What notices were on the website? In other words, there is a lot of universal documents that go into what seemed to be an intensive determination of whether something was incorporated or not. Well, Your Honor, actually, there's not much dispute about what was on the website. But there's a dispute about whether something is incorporated or not. And in this instance, and there's no dispute about, again, the ticket or the conditions of carriage. And the conditions of carriage, we agree on what it is. And you read it. And at the end, there are three web pages, web pages it refers to, two of which have no pertinence at all. The third does have, if it were incorporated, does talk about taxes being an additional thing to charge. That argument, even if it, first of all, it's not incorporated properly, as we argue as a matter of law under the regulation. So as a matter of law, not incorporated. Because the face of the contract does not do it, does not say it is incorporated. But even if it were, that provision would fail as a matter of law for the defendants here for several reasons. One, it's the defendants already, we've alleged that the charge was not actually taxed or paid to a third party, which is all that portion handles. Two, the defendants have already conceded that they kept part of that money. So that kind of kills it as a matter of law. Three, the ticket says all taxes were included. And four, the box where there, if there were to be another charge, it doesn't have the charge inside of it. So for four discrete reasons, that wouldn't be enough. And so let me move on for a second. The defendant, ABR, then moves to other pages on its website, that its website hosts and says, well, these other pages should come in. But there's not even a colorable argument for the incorporation of those pages, because as a matter of law, the conditions of carriage do not even. It's the response, though, is there. These are part of the contract, whether incorporated or not. I mean, you don't have to have something incorporated to be a contract. You can have a separate agreement in addition to the ticket. And in addition to the carriage contract, if those other documents might make up a contract, although not alleged in the complaint, it would seem to me that we have a factual dispute about the scope or nature of the overlying contract and not and not something that we can determine as a matter of law. There is absolutely nothing in this record suggests that we entered a discrete contract other than the condition of carriage. It's not alleged. It's not even been argued by the other side. The only argument would be that these are part of the contract. There's no argument for discrete additional arguments in this record. So that's not an issue. And again, as a matter of law, you actually have to have active incorporation in airline transactions. You have a contract, which is the ticket, which has conditions of carriage, and then the conditions of carriage must expressly incorporate and comply with other notice requirements that don't even come close here. So those other documents that happen to be hosted on the web page are exactly the kind of thing that this regulation is meant to avoid so that a reasonable consumer can read their conditions of carriage, look at it, and they don't have to go hunting around. The reason that's what this regulatory scheme is for, and it is a very clear regulatory scheme. So for each of those reasons, and I see I'm over, we would argue that the motion dismissed should be denied on the merits. We should survive 12 B6 and that clearly there's no preemption. Thank you, Ron. Thank you, Mr. Cratcher. We'll hear from Mr. Marks. May it please the court, Jeffrey Marks on behalf of the Appley Avior Airlines. I want to start because I need to be candid with the court. What I filed yesterday or the day before, it's all become a blur, was in response to the court's inquiry about the motion to amend. I did not file that necessarily as a motion to dismiss. I think I checked that box on CMECF because that appeared to be the only one that would allow me to link through. So to the extent that the court treats it as a motion to dismiss, that's the court's prerogative. But I just want to be candid with the court, which was, it wasn't my intention to have my response to the court's jurisdictional inquiry be treated as a motion to dismiss. Does that mean you, obviously we have to independently determine it, but does that mean that you agree, Mr. Marks, that now that the answer is yes, partially yes, and partially no. What has happened in my mind is that the court has followed 1653 in the case law, which says that it's permissible for a plaintiff to amend a complaint even on appeal. And the court has given the plaintiff permission to do that. What they've done is now include and change their allegation, which I believe was previously defective on the post-foy analysis, the court's original jurisdiction question. Had that not occurred, I think we would be having a much more extensive discussion on whether or not there's appellate jurisdiction or subject matter jurisdiction at all. With the amendment, the allegation is as a class of at least an unnamed class, at least one unnamed member as a U.S. citizen. In the response, and I put that in quotation marks to what the court's treating as my motion to dismiss, they cite a Ninth Circuit case which says that information and belief is acceptable for determining allegations of jurisdiction for a citizen. That's on a removal case. And the predicate behind that is because removal is subject to state court pleading, which may not be the same as federal court pleading. We cited in our motion two district court opinions, which obviously are not binding upon the court, but certainly are persuasive in the analysis, which is in the argument I'm making on jurisdiction is that simply stating that there's at least one is equivalent to information and belief with no factual predicate. There's no behind that. Simply saying at least one, well, at least one is not a factual basis. The counsel, how do we square that with Lowry and MSP and other cases where we've seen to suggest that alleging an unnamed class member that is diverse from another is sufficient at the pleading stage? And that's why I direct you to the Clem case, I think, which we cited, or the Collins case, which we cite, which is a district court analysis on unpublished decision, which says the court was looking at the same sort of allegation, the district court. So it's doing the same sort of analysis that this court's doing on subject matters, jurisdiction, and the pleadings and said, without factual proof of the unnamed plaintiff. I'm not disagreeing. That seems anomalous at the pleading stage. There's never going to be factual proof because we're only, all that needs to happen is a plausible allegation. And it seems to me that it's plausible that of the five years worth of folks who have flown from Miami to Venezuela, that somebody on that plane was a United States citizen. That seems plausible to me, does it not? I can't disagree that it meets the analysis of plausibility. What I'm saying back to the court is that we cited two district court decisions, where the court took that to task and said, you've engaged in jurisdictional discovery, which occurred in this case. And where's your factual supporting allegation? Because as we know, the analysis is rule 11 requires more than just a hunch, or satisfaction by rumor, it requires factual pleading. So to the extent that the court is saying- A reasonable basis in law or fact, a reasonable inference based on law and fact. Law or fact, correct. And here, there's an absence of factual allegation as to that. I can't get away from the court statement about named and unnamed. I can't hide from that. I'm trying to meet it head on. What I'm saying is that several district courts to address that issue have said, without the factual specification or proof, okay, that the jurisdiction allegations are insufficient. I understand your argument on that, Mr. Marks. I don't want you to take up all your time on the jurisdiction. At least from my perspective, I understand what you're saying. Okay. And that's the point. And I want to make one more point on the jurisdictional allegations. And that is that CAFA, while requiring minimal diversity and seeming to be a slightly lesser pleading obligation, still incorporates requirements or the problems in D4 about the home local controversy and the home state exceptions. And I think what the court would say back to me is, well, what you're doing really is teeing up an argument to challenge whether or not a class can be certified. That's exactly what you're saying. But I feel compelled to point out that it's our position that the mere allegation of at least one unnamed is factually insufficient. I'm not disagreeing that it's plausible, that there could be one, but we do require fact pleading in the sense for jurisdiction. And we did have jurisdictional discovery. And all the plaintiff came up with was two individuals, one who clearly is not a U.S. citizen. So to the extent that there's still a jurisdictional issue, I would say that there's still a basis for dismissal. Now, having said that, I want to turn to the merits of the case because the court has- Before you turn to the merits of the case, you don't quarrel with the CAFA's $5 million aggregate about in controversy requirement. Is that right? That's what the statute says, that the plaintiff class has to have damages of $5 million. I have an analysis that suggests based upon the jurisdictional discovery that they may not get there, but that would be something for the district court to address on raising the subject matter of jurisdiction at the point in time. In the event that there's a reversal, there's still to be a class action hearing. And if the plaintiff doesn't meet the CAFA requirements of jurisdiction, then it's out on other ground, other subject matter jurisdiction grounds, a mountain controversy, perhaps home state and numbers too. Your answer to Judge Wilson is as a matter of pleading right now, you do not contest that they've sufficiently pled that the damages are over $5 million. The allegation is there. I mean, they made the allegation and I expect that it's based on a good faith basis. I may be wrong, but I don't believe we actually ever challenged jurisdiction in the district court on that particular part of the pleading. And that's not the one that caused the rub in this court that allowed us to then have the extensive, multiple jurisdictional orders and analysis and filings more than I've ever seen in a particular case. I'll just say, I'm going to apologize on behalf of our court for that. I don't think our jurisdictional unit was aware of the 2011 amendments, which caused the confusion here. I don't think the parties did anything wrong here. You did exactly what you were supposed to do. And I appreciate that. And I would say back to you, we're as, I don't want to say ignorant because I don't want the negative connotation of it, but we didn't raise it either. And so I think whoever found it was creative and I applaud them for that. It did raise a very interesting issue. I will let that person know that you say that. And we got through it. Turning now to the merits of the case as to whether or not there is a sufficient basis on two grounds to uphold dismissal. I want to get to the preemption real fast. Okay. And to tell you what my problem is, the district court seemed to say that this wasn't preempted because this is price related and Wolland's wasn't about price. Wolland's had to do with frequent flyer miles. But the Supreme court in Wolland said specifically, quote, plaintiff's claims relate to rates that the airline in that case charges in the form of mileage credits for free tickets and upgrades. I mean, the Supreme court itself said that Wolland's was a rate case. It seems to me the misreading that. I don't think so. When you read the courts, the decisions that follow Wolland's. And if you talk about price that I think of the three factors that can trigger preemption, this is a price case. I don't know. I can't, I don't see how it fits as a services. And the statute uses the term rates, not price. So if this is a rates case and I agree with you, it has to be a rates case. I think everyone agrees. But the question is the district court said, well, Wolland's wasn't. And so that's why Wolland's is different. And that's why it distinguished it. But Wolland, the Supreme court itself says plaintiff's claims relate to rates. I mean, that's a direct quote from Wolland's. And I would say back to you and the cases subsequent to it, obviously not finding, but let's take the Sanchez case out of the ninth circuit, which judge Lagoa brought up. In that case, the court did find preemption and the court was that in Sanchez, and I think judge Lagoa referred to this, the contract didn't call for return of citizens to get the fee. That was the problem. It wasn't in the contract. Here as alleged, again, this is just the allegations. The contract says that the price included the total price included cost and fees. And here additional fee was added, despite the fact that the base rate included all costs and taxes and fees. And that's why, despite the arguments of the appellee, that there's not a blending of the contract analysis into the preemption analysis, I would say to you, that's why we're relying upon what we believe to be the full contract, which is referenced on the websites, which the plaintiff has desperately stayed away from. I don't disagree with you that this has been played in a creative way, in a good way. And listen, plaintiffs are entitled to plead their complaint. They are the master of their own complaint. I guess my question to you, Mr. Marks, and it's a similar question I asked Mr. Crabtree is, aren't the scope of the contract, you all have a bitter dispute about what the contract actually is in this case. And you may end up being right, by the way, at the end of the day. But at the pleading stage, isn't plaintiff allowed to plead what the and isn't it then for later for the district court to determine after discovery what the true scope of the contract is? If there's an issue about how the answer, I'm going to say no. And here's why I'm going to say no. The plaintiff can plead whatever it wants to believe what the contract is. Okay. And they've stated it and they've stated it in a very, very, very narrow fashion. But the court is within its authority to go beyond the allegations of the complaint. When there's a reference in the complaint to the website. And it's our position that you can't limit the contract to just what they say the contract is because the district court said, no, I'm looking at this. And I see the contract as being the additional things that are included on the website, which is why it reached the analysis. Is that true at the 12 v six stage, though, counsel, I when we get past 12 v six, you what you say sounds exactly right. But at 12 v six is a simple reference in there enough where the explicit pleading is, the contract is x and y and x and y only. And the terms of that contract are this and they violated those terms. I mean, that that it really is a simple complaint in that way. I think I said that with her questions. I think she's exactly right. And that's why and that's the art. That's the core of the argument by the plaintiff in the district court on its multiple attempts to a man which is we want to say what the contract is. And the district court and the magistrate judge not once but twice said back. No, that's not the whole contract. You're not pointing two things. One, you're not. Judge Lewis said that the place rely on the absence of a disclosure. The reason why they rely on an absence of disclosure is because they didn't want to say what the whole I have to say, I think the district court and its adoption, the magistrate just isn't right about that. I mean, to me, I've read the does allege allegations of what the terms of the contract are now. Now, it may be that you're right at the end of the day that those terms as alleged are incomplete. But But again, I go back to my question is, that seems to be a discovery in fact issue, and less an issue for us to decide at the 12 v six stage, right? Because this is that that's the issue I'm having Mr. Marks as well, which is we're at the 12 v six stage, and not a summary judgment stage. And, and my understanding is that the court is permitted to go beyond the pleadings, even in 12 v six, if there's reference to or the plea, or the the four corners bring up the issue, I'm sorry, they actually it's the what you but this is very different than and I'll give you an example. And I'll go to a third DCA case, okay, where you have a contract, and it's a three page contract, and the the the complaint attaches the first page only. Okay, and missing from that exhibit is page two and three and page two and three are dispositive of a particular issue in front of court. At that point, obviously, under the under the law, you can include the rest of the exhibit, because it is attached to the complaint. Right? But if it's not attached to the complaint, you know, you're out of luck, then you have to go to judgment on the pleadings, or you have to go to summary judgment. But here, there's really a dispute as to what does the contract actually mean. And Mr. Crabtree has pled that the contract stands for x, and you're arguing that the contract is why. And that's really a factual dispute that I'm not sure is appropriate on a 12 v six stage, except that to use your your your analysis of your your analogy, I've seen analysis analogy, there's case law out there that says that I see I'm beyond I'm seeing beyond my time. But the there's case law out there that says, like in the in the browser wrap, and the shrink wrap cases involving, you know, links, typically, it's comes up in the arbitration clauses, where the court says, we don't just look at the single page of the piece of paper that was handed to you, we get to go to the links. And that's part of the agreement. So I would say that I'm very familiar with the Metro PCS case out of the third DCA. I the problem there is there's an evidentiary hearing regarding the scope of what it is that that's the difference is all we have is a complaint, which we were to take as true versus the arbitration context. I think it's a good analogy that are good counter analogy is there you have an evidentiary hearing on those very issues. And I think that's where that's where I think we're at, but but maybe not I appreciate it. Thank you. Judge Wilson, is that okay? Or? Yep, we'll hear from Mr. Crabtree. Thank you, your honors. I just want to make a few few quick points. One is that if the court wants to look at this through a purely legal prism at the 12 v six stage, then you have to include what federal law has prescribed on a preemptive level, how contracts are formed in the airline transmission context. So you'd have to look at the regulatory scheme. If the court wishes to send that back to the district court, certainly we would understand. But on a pure 12 v six analysis, we would suggest that substantive formation law from the from the federal government is controlling and in this case, I'd also like to point out in response to that, again, the repeated argument, or the renewed argument from opposing counsel on Sanchez, that we believe that the data manufacturing case, which we've cited discussed in our brief is, is pretty squarely on point. But with that said, we simply ask the court, reverse and remand for further proceedings. Thank you. Thank you. And I think, Judge Wilson, may I thank both Mr. Crabtree and Mr. Marks for great presentations. And at least I speak for myself, but I've missed seeing both of you. And I'm glad to see that you're both well. Thank you. I concur. I feel like the feeling is mutual. I feel like I've missed something by not being on the district court of appeals. Thank you very much. Thank you.